PATRICIA A. O'CONNOR (PO5645)
BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendants
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778


WM 16-148 PO
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LILLIAN RODRIGUEZ,                                                           **Docket No.:**

                                    Plaintiff,

                    -against-                                                **NOTICE OF REMOVAL**

WAL-MART STORES EAST, LP,

                                    Defendant.
-------------------------------------------------------------------X


## TO THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK:

Defendant, WAL-MART STORES EAST, LP, for the removal of this action from the Supreme Court of the State of New York, County of ORANGE, to the United States District Court for the SOUTHERN District of New York, respectfully shows this Honorable Court:

FIRST:          Defendant, WAL-MART STORES EAST, LP is a defendant in a Civil action brought against it in the Supreme Court of the State of New York, County of ORANGE, entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------X
LILLIAN RODRIGUEZ,                                        **Index No.: 000258/16**

                           Plaintiff,

        -against-

WAL-MART STORES EAST, LP,

                           Defendant.
-------------------------------------------------------------------X

Copies of the Summons, the Complaint, and WAL-MART STORES EAST, LP's Answer are annexed hereto as Exhibit A.

SECOND: That this action seeks recovery for damages sustained as a result of personal injuries allegedly suffered by the plaintiff while on the defendant's premises.

THIRD:  The grounds for removal are that this Court has original jurisdiction pursuant to 28 § 1332(a)(1).  The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.  Plaintiff has demanded $750,000.00 to settle this claim.

FOURTH: The defendant, WAL-MART STORES EAST, LP, is a Delaware limited partnership with its corporate headquarters and principal place of business in Arkansas. WSE Investment, LLC, is the limited partner of WAL-MART STORES EAST, LP, and WSE Management, LLC is the General Partner. Both are Delaware companies with their principal places of business in Arkansas.  The sole member of both limited liability companies is Wal-Mart Stores East, Inc.  Wal-Mart Stores East, Inc. is a citizen of Arkansas.  It is incorporated in Arkansas and its principal place of business is in Arkansas.  Thus, for diversity purposes, the defendant is a citizen of Arkansas. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d

157 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998) (stating that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its members).

       FIFTH: That upon information and belief Plaintiff is a citizen of the State of New York, County of ORANGE.

       SIXTH: In that this action is between citizens of different states and seeks damages in excess of $75,000.00, than pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441 and § 1446 the case should be removed from the Supreme Court of the State of New York, County of ORANGE to the United States District Court for the SOUTHERN District of New York.

Dated: Northport, New York
     April 4, 2016

                    Yours, etc.

                    BRODY, O'CONNOR & O'CONNOR, ESQS.
                    Attorneys for Defendant

By:                                  
                    PATRICIA A. O'CONNOR (PO 5645)
                    7 Bayview Avenue
                    Northport, New York 11768
                    (631) 261-7778
                    File No.: WM 16-148 PO

TO:    SOBO & SOBO, LLP
       Attorneys for Plaintiff
       One Dolson Avenue
       Middletown, New York 10940
       (845) 343-0466

# Exhibit

A

Date of Filing:

Index #: 000258/16

Plaintiff designates
Orange County
as the place of trial.

The basis of the venue is
Plaintiff's residence address.

Plaintiff resides at
86 Lake Drive, Section 15
Newburgh, NY 12550

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
LILLIAN RODRIGUEZ,

                                        Plaintiff,            **SUMMONS**

        -against-

WAL-MART STORES EAST, LP,
                                        Defendant.
-----------------------------------------------------------------X
To the above-named defendant(s):

        YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the plaintiff's attorneys within - 20- days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

                                        SOBO & SOBO, LLP

                                        Lisa M. Napoletano, ESQ.
                                        Attorneys for Plaintiff
                                        One Dolson Avenue
                                        Middletown, NY  10940
                                        (845) 343-0466

Dated: January 4, 2016
        Middletown, New York

Defendants' addresses:  See Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-------------------------------------------------------------------X
LILLIAN RODRIGUEZ,

                                Plaintiff,            **VERIFIED
COMPLAINT**

     -against-

                                                      **Index No.:**

WAL-MART STORES EAST, LP,
                           Defendants.
-------------------------------------------------------------------X

       Plaintiff, LILLIAN RODRIGUEZ, by her attorneys, SOBO & SOBO, L.L.P., as

and for the Verified Complaint, herein alleges the following:

       1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of

the County of ORANGE, State of New York.

       2.      That at all times hereinafter mentioned, upon information and belief, the

defendant, WAL-MART STORES EAST, LP, was and still is a domestic corporation

organized and existing under and by virtue of the Laws of the State of New York.

       3.      That at all times hereinafter mentioned, upon information and belief, the

defendant, WAL-MART STORES EAST, LP, was and still is a foreign corporation duly

authorized to do business within the State of New York.

       4.      That at all times hereinafter mentioned, upon information and belief, the

defendant, WAL-MART STORES EAST, LP, was and still is a business entity doing

business within the State of New York.

       5.      That at all times hereinafter mentioned, upon information and belief,

the defendant, WAL-MART STORES EAST, LP, was the owner of a certain

premises/store located at 1201 Union Avenue, Route 300, Newburgh, NY 12550, County of Orange, State of New York, known as "Walmart."

6.      That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, maintained the aforesaid premises/store.

7.      That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, managed the aforesaid premises/store.

8.      That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, controlled the aforesaid premises/store.

9.      That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, operated the aforesaid premises/store.

10.      That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was the lessee of the aforesaid premises/store.

11.      That at all times hereinafter mentioned, upon information and belief, the defendant, WAL-MART STORES EAST, LP, was the lessor of the aforesaid premises/store.

12.      That at all times hereinafter mentioned, an area in aforesaid premises was the situs of the within accident.

13.      That on or about the 23rd day of July, 2013, while this plaintiff was lawfully upon the aforesaid premises, she was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

14.      The negligent, wanton, reckless and careless acts of the defendants, their agents, servants and/or employees were a cause of the accident and resultant injuries.

15.     That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid premises; in acting with reckless disregard for the safety of others, and the defendants, their agents, servants and/or employees were in other ways negligent, wanton, reckless and careless.

16.     That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and/or defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof and further, the defendants, their agents, servants and/or employees created said condition.

17.     The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

18.     That by reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function.  Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from her normal vocation and activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

19.    That by reason of the foregoing, this plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiffs demands judgment against the defendants as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

DATED:    January 4, 2016
          Middletown, New York


                                        LISA M. NAPOLETANO, ESQ.
                                        SOBO & SOBO, LLP
                                        Attorneys for Plaintiff
                                        One Dolson Avenue
                                        Middletown, NY  10940
                                        (845) 343-0466


To:    WAL-MART STORES EAST, LP
       *C/O Secretary of State*
       State Street
       Albany, New York

## VERIFICATION

STATE OF NEW YORK,
COUNTY OF ORANGE        ss:

LILLIAN RODRIGUEZ, being duly sworn says; I am one of the plaintiffs in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

LILLIAN RODRIGUEZ

Sworn to before me on this
December 28          , 2015

NOTARY PUBLIC

LISA M. NAPOLETANO
NOTARY PUBLIC NO. 02NA5066987
ST. OF NY, ORANGE COUNTY
COMMISSION EXPIRES OCT. 7, 2016

WM 16-148 PO
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------------X
LILLIAN RODRIGUEZ,                                    Index No.: 000258/16

                              Plaintiff,

            -against-                                 **VERIFIED ANSWER**

WAL-MART STORES EAST, LP,

                              Defendant.
--------------------------------------------------------------------X

The defendant, WAL-MART STORES EAST, LP, by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "1", and each and every part thereof.

SECOND: Defendant denies the allegations set forth in paragraphs marked "2", "3", and "4", except admits that WAL-MART STORES EAST, LP is a foreign limited partnership registered to do and doing business in the State of New York.

THIRD: Defendant denies the allegations set forth in paragraphs marked "5", "6", "7", "8", "9", "10", and "11", except admits that WAL-MART STORES EAST, LP is a sublesee of that portion of the premises comprising the Newburgh Wal-Mart and is the operator of the Newburgh Wal-Mart, leaving all other questions to the Court.

FOURTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "12", and "13", and each and every part thereof.

FIFTH: Defendant denies the allegations set forth in paragraphs marked "14", "15", and "16", and each and every part thereof.

SIXTH: Defendant denies the allegations set forth in paragraph marked "17", and respectfully refers all questions of law to the trial Court.

SEVENTH: Defendant denies the allegations set forth in paragraphs marked "18", and "19", and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

EIGHTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

NINTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TENTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP, requests judgment

dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
       March 8, 2016

                              Yours, etc.

                              BRODY, O'CONNOR & O'CONNOR, ESQS.
                              Attorneys for Defendant


                    By:      _____
                              PATRICIA A. O'CONNOR
                              7 Bayview Avenue
                              Northport, New York 11768
                              (631) 261-7778
                              File No.: WM 16-148 PO


TO:    SOBO & SOBO, LLP
       Attorneys for Plaintiff
       One Dolson Avenue
       Middletown, New York 10940
       (845) 343-0466

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
       March 8, 2016

_____
PATRICIA A. O'CONNOR

## AFFIDAVIT OF MAILING

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF SUFFOLK      )

DEBRA SANACORA, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

That on the 10 day of March, 2016, deponent served the within VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

UPON:

> SOBO & SOBO, LLP
> Attorneys for Plaintiff
> One Dolson Avenue
> Middletown, New York 10940
> (845) 343-0466

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
DEBRA SANACORA

Sworn to before me this
10 day of March, 2016.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC, STATE OF NEW YORK
NO.
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES ON 6/8/20 18

ALL-STATE LEGAL®
07191-BL · 07182-BL · 07183-GY · 07184-WH
800.222.0510 | www.aslegal.com

*Index No.* 57685/15      *Year 20*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

SONIA NEVAREZ,

Plaintiff,

-against-

WAL-MART STORES, INC. and MIDDLETOWN I RESOURCES L.P.,

Defendants.

VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

## BRODY, O'CONNOR & O'CONNOR, ESQS.

*Attorneys for* Defendant/WAL-MART STORES EAST, LP

7 BAYVIEW AVENUE
NORTHPORT, NEW YORK 11768
(631) 261-7778
FAX (631) 261-6411

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ..........................................    *Signature* ..........................................................

                                   *Print Signer's Name* ..........................................................

*Service of a copy of the within*                                        *is hereby admitted.*

*Dated:*

                                   *Attorney(s) for*

**PLEASE TAKE NOTICE**

Check Applicable Box

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                  20

☐ NOTICE OF SETTLEMENT

that an Order of which the within is a true copy will be presented for settlement to the
Hon.                         , one of the judges of the within-named Court,
at
on                  20      , at                  M.

*Dated:*

**BRODY, O'CONNOR & O'CONNOR, ESQS.**

## AFFIDAVIT OF MAILING

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF SUFFOLK   )

DEBRA SANACORA, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

That on the 7 day of April, 2016, deponent served the within NOTICE OF REMOVAL

UPON:

> SOBO & SOBO, LLP
> Attorneys for Plaintiff
> One Dolson Avenue
> Middletown, New York 10940
> (845) 343-0466

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

DEBRA SANACORA

Sworn to before me this
7 day of April, 2016.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02OC6028896
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRED ON 3/6/20__